**ARMSTRONG v. GADDIS et al.**

No. 11868.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 22, 1948.

O. R. Armstrong, of Cotulla, for appellant.

Charles D. Bates, Jr., of Cotulla, for appellee.

MURRAY, Justice.

This suit was instituted by O. R. Armstrong, Esq., in the District Court of La Salle County, Texas, seeking the issuance of a writ of mandamus against H. P. Gaddis as County Treasurer and Ex Officio Trustee of La Salle County Water Improvement District No. One, Dissolved, and the Commissioners' Court of La Salle County, requiring the defendants, among other things, to take the necessary legal steps to collect unpaid taxes or levy new taxes to complete the liquidation of the affairs of the district in an orderly and expeditious manner and to report, etc.

At a hearing in the district court the petition for the issuance of writ of mandamus was denied and O. R. Armstrong, Esq., has prosecuted this appeal.

Appellant bases his right to maintain this suit upon the fact that his mother, Mrs. A. Y. Armstrong, recovered a judgment in Cause No. 2091, in the District Court of La Salle County against the La Salle County Water Improvement District in the sum of $2,098.11, together with interest which has never been paid, and that he was attorney for his mother in this matter. Mrs. A. Y. Armstrong died on the 28th day of June, 1947, and this suit was filed October 29, 1947.

Appellant does not show that he has such justiciable interest in the subject matter in litigation as to authorize him to maintain this suit. The record does show that he is the son of Mrs. A. Y. Armstrong and that she was deceased at the time he instituted this proceeding, but it fails to show whether she died testate or intestate. Appellant's employment as attorney for his mother was terminated by her death, so we think the trial court properly found as follows: "I find that Mrs. A. Y. Armstrong, the original plaintiff in this cause, died about the month of June, 1947. I further find that there is no evidence in this record as to whether she died testate or intestate, and

further that there is no evidence in this record as to who and how many her heirs at law or devisees were or are. In that connection, I further find that the plaintiff, O. R. Armstrong, has wholly failed to show by any evidence that he succeeded in title to said judgment either by devise, descent, purchase or otherwise."

Accordingly, the judgment of the trial court to the effect that appellant take nothing by reason of this suit is affirmed.